Stacey BLAKE, and others similarly situated, Plaintiff,

v.

James BATMASIAN, an individual d/b/a Investments Limited, and individually, and Marta Batmasian, an individual d/b/a Investments Limited and individually, and LSA Management Inc., a Florida corporation, Defendants.

CASE NO. 15-81222-CIV-MAR-RA/MATTHEWMAN

United States District Court, S.D. Florida.

Signed May 17, 2016

Chelsea A. Lewis, Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, for Plaintiff.

Bridget Ann Berry, Greenberg Traurig, West Palm Beach, FL, Heather Elise Kruzyk, Jennifer Boussy Carroll, George Louis Sigalos, Simon & Sigalos, LLP, Boca Raton, FL, for Defendants.

## ORDER DENYING MOTION TO DISMISS "OPT-IN" PLAINTIFFS

KENNETH A. MARRA, United States District Judge

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Claims by

Purported "Opt-In" Plaintiffs and Collective Action [DE 80] ("Motion"). The Motion is fully briefed and ripe for review. The Court has carefully considered all relevant filings and is otherwise fully advised in the premises. Defendants ask the Court to (i) dismiss the claims of the purported "opt-in" plaintiffs, without prejudice, (ii) dismiss the collective action as alleged in the Corrected Second Amended Complaint ("Complaint"), and (iii) strike any reference to the dismissed claims and/or collective action from the Complaint.

The deadline to move to amend the pleadings, add parties, and move for class certification was January 4, 2016. *See* DE 21 at 2. Defendants' assert that "[t]o date, Plaintiff has never moved for relief from the Court's Scheduling Order, has never requested a timely extension of the deadlines, and has utterly **failed to file *any* motion for class certification.**" DE 80 at 3 (emphasis in original). Defendants assert that since Plaintiff has failed to pursue a collective action timely, the opt-in plaintiffs must be dismissed. *See McGlathery v. Lincare Inc.*, No. 8:13–cv–1255–T–23TBM, 2014 WL 1338610, at *4 (M.D.Fla. Apr. 3, 2014) (dismissing opt-in plaintiffs without prejudice after plaintiffs failed to move for conditional certification during the applicable deadline); *Quijano v. Tuffy Associates Corp.*, No. 2:13–cv–573–FTM–38CM, 2014 WL 4182691, at *1 (M.D.Fla. Aug. 21, 2014) (same).

Plaintiff responds that he filed a motion to conditionally certify a class of employees with his original complaint in state court. That motion was later amended ("Amended Motion"). *The Amended Motion was buried in the removal package*

*and was never flagged as a pending motion by the docketing clerk, resulting in the pendency of the Amended Motion being overlooked by the Court.* See DE 1-2 at page 49 of 79. Nonetheless, Defendants opposed the Amended Motion (*see* DE #s 12, 13, 14), and Plaintiff filed an amended reply (DE 20) on October 12, 2015.

Defendants reply emphatically that the relief requested in the Amended Motion should not be considered a sufficient motion for certification because Plaintiff did not ask the Court to certify a collective action of similarly situated employees. This position is meritless given that on the *first* page of the Amended Motion, Plaintiff states, "[t]his Motion seeks to create such a collective action against [Defendants], . . . with regard to all individuals who were not paid overtime by them but who were instead sometimes given vouchers from the Defendant's tenants who were late on their rental payments as bonuses to attempt to make up for the failure to pay overtime." DE 1-2 at 1-2 (49-50 of 79). In addition, upon a review of the Amended Motion, response, and reply, the parties debate whether Plaintiff has met the essential requirements for a motion to conditionally certify a FLSA collective action under § 216(b).[1]

At this first stage, the Court decides using a "fairly lenient standard" whether the class should be conditionally certified, and notice should be given to other potential class members. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir.2001). The plaintiff must show that there are other persons (1) who are similarly situated to the named plain-

---

1. Section 216(b) of the FLSA permits an employee to bring an action against his employer for FLSA violations on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b).

tiff and (2) who desire to opt-into the case. *See id.; Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). The Amended Motion clearly seeks to show that there are other persons who are similarly situated to Plaintiff who desire to opt in.[2] Therefore, the Amended Motion is clearly a sufficient motion for conditional certification of a FLSA collective action, which motion the Court will seek to address as soon as possible. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Claims by Purported "Opt-In" Plaintiffs and Collective Action [DE 80] is denied in its entirety.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of May, 2016.

---

2. "Blake intends to represent a class of leasing agents, paralegals, and other such employees. Attached hereto as Composite Exhibit 1, are the Notices of Consent of Stacey Blake (the named Plaintiff), and Karla Sotomayor and Lesha Rosario, who desire to opt-in to this action. Those Notices set forth that the employees (Sotomayor and Blake were both leasing agents and Rosario was a legal secretary), were denied their overtime similarly, performed similar, were supervised by the same people (the Defendant), etc." DE 1-2 at 3 (51 of 79).